IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

LORI BRADFORD,

        Plaintiff,        Case No.

v.        Judge
        JURY DEMAND

CITY OF LAWRENCEBURG,
TENNESSEE, and
CHIEF TERRY BEECHAM
in his Official Capacity,

        Defendants.
_____/

## COMPLAINT

Plaintiff, Lori Bradford, was employed by the Defendant, City of Lawrenceburg, Tennessee, in its Police Department, working her way up from patrol officer to lieutenant. In 2024, Lt. Bradford experienced discrimination on the basis of sex for the second time. In particular, as was customary, she notified Chief Beecham of her interest in an upcoming opening as a Captain. Lt. Bradford was well qualified since she met the departmental minimum of holding a supervisory position for five (5) years. At that time, she had been a lieutenant since 2018. Despite her qualifications and her notification to Chief Beecham, on July 2, 2024, she discovered a male lieutenant was hired for the position. Tellingly, the male lieutenant did not even have the minimum five-year qualification. After complaining, Lt. Bradford experienced more discrimination and retaliation and subsequently was constructively discharged. Accordingly, Lt. Bradford files this complaint under 42 U.S.C. § 1983 for violations of the Equal Protection Clause of the Fourteenth Amendment, and the Tennessee Human Rights Act ("THRA").

## PARTIES

1

1. Plaintiff, Lori Bradford ("Officer Bradford" and "Lt. Bradford"), a female, was a police officer for Defendant City of Lawrenceburg, Tennessee ("City of Lawrenceburg" or "City"). Plaintiff is a citizen and resident of Lawrence County, Tennessee.

2. Defendant, City of Lawrenceburg is a Tennessee governmental entity organized and existing under the law of the State of Tennessee. At all relevant times, City of Lawrenceburg employed Plaintiff in its Police Department.

3. The City of Lawrenceburg is a municipal corporation and public employer, responsible for the policies and practices of its police department.

4. Chief Terry Beecham ("Chief Beecham") is the Police Chief of the City of Lawrenceburg and at all relevant times was a final policymaker for the Department, acting under color of state law and in his official capacity

## JURISDICTION AND VENUE

5. This is an action for declaratory and monetary relief by Defendants' violation of the Equal Protection Clause of the Fourteenth Amendment under 42 U.S.C. § 1983, in particular, that Defendants, through its police department and officials, has engaged in a pattern or practice of treating women police officers differently than men in terms of promotions and various state law claims.[1]

6. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

## FACTS

7. Plaintiff, Lori Bradford, was employed as a police officer for Defendant City of

---

[1] Plaintiff has filed an EEOC charge alleging violations of Title VII of the Civil Rights Act of 1964. These claims are not yet ripe as the EEOC/DOJ has not yet issued the Right to Sue, in part because the EEOC was initiating the conciliation process due to its investigation, which determined the City violated Title VII. Plaintiff intends to amend her complaint when these claims are ripe.

2

Lawrenceburg, Tennessee ("City of Lawrenceburg" or "City") from November 13, 2013, to August 8, 2024, when she was forced to resign.

8. Plaintiff is a member of a protected class; specifically, she is a female.

## Background

9. On about November 13, 2013, Officer Bradford was hired as patrolman at Lawrenceburg Police Department ("LPD").

10. In 2018, Officer Bradford applied for two Lieutenant positions.

11. Officer Bradford was denied a Lieutenant promotion due to policy change (the department reverting from a newer policy, which was instituted by a female police chief who was no longer employed by the City, one instituted by Chief Beecham, which favored male candidates) until she raised concerns by filing complaint of discrimination on basis of sex to Human Resources ("HR") Director Doug Edwards.

12. Officer Bradford sent an email to HR summing up her meetings with scores. Mr. Edwards emailed back that he was disappointed she characterized the incident as discrimination, contending the City provides a fair process to all.

13. With respect to the 2018 policy, while under the direction of a female police chief, the City had been conducting police officer promotions under a model similar to that recommended by the Tennessee Association of Chiefs of Police.

14. With respect to the 2018 Lieutenant interviews, Mr. Edwards learned that, under the direction of Chief Beecham, the Lawrenceburg Police Department internally adopted a Standard Operating Procedure ("SOP") in late 2017, after the female police chief had left, which contained a new policy on promotions. The SOP promotions policy was not fully vetted by the Human Resources Department before being approved for patrol use, and Mr. Edwards allegedly

3

had concerns and questions about it.

15. After Officer Bradford raised concerns, Mr. Edwards determined that the new policy would not be used "that day," and the 2018 Lieutenant interviews allegedly proceeded under the prior policy.

16. Officer Bradford was promoted to Lieutenant in July 2018.

## 2024 Captain Position

17. On June 13, 2024, Chief of Police Terry Beecham sent out an email announcing that the department was accepting letters of interest for the position of Captain.

18. At this time, Plaintiff held the rank of Lieutenant.

19. It was standard practice by LPD to offer open positions to current employees who hold that current rank.

20. Lt. Bradford talked to Chief Beecham in person and informed him that if her Captain, J. Blake Grooms, laterally moved to the open Captain CID position, she was interested in being considered for promotion to the day shift captain for her current shift.

21. Lt. Bradford emailed a letter of interest to Chief Beecham. The email did not limit her interest to one specific open Captain position. However, she had informed him that she could not work night shift due to care-taking obligations regarding her mother.

22. On July 2, 2024, Lt. Jerry Fraizer was promoted to Captain without any interviews conducted, and no announcement of promotion was sent to employees, which had previously been standard practice.

23. Chief Beecham incorrectly claimed that only one person was qualified, and it was Lt. Fraizer, a male.

24. However, Lt. Fraizer did not meet the qualifications for promotion to Captain

4

because that position required holding a supervisory role for five years, which Lt. Frazier had not achieved.

25. To the contrary, Lt. Frazier's pertinent employment history was as follows:

| Date | Pay Rate | Reason |
| --- | --- | --- |
| 7/1/14 | 16.84 | Length of service Increase |
| 7/1/15 | 17.51 | Length of service Increase |
| 7/1/16 | 18.01 | Length of service Increase; on call pay $100/mo. |
| 7/1/17 | 18.37 | Cost of living increase |
| 7/1/18 | 18.87 | Length of service Increase |
| 8/6/18 |  | No rate change Suppl for on call $200/mo |
| 3/16/22 | 20.02 | Promo CID Lt. (suppl for call pay will cont.) |
| 11/23/22 | 21.42 | Lt CID "re-eval of existing job" – continue $200 monthly on call suppl. |
| 7/1/23 | 23.42 | "Other" per Larry Russell pay study for "compression |
| 8/13/23 | 24.97 | Merit |

26. Lt. Bradford's pertinent pay and promotion history is as follows:

| Date | Pay Rate | Reason |
| --- | --- | --- |
| 11/12/13 | 13.04 | Hire |
| 11/12/14 | 14.05 | Length of service Increase |
| 7/1/15 | 15.25 | Length of service Increase |

5

| | | |
|---|---|---|
| 3/1/16 | 15.25 | Transfer to CID plus 200 suppl/mo |
| 7/1/16 | 16.61 | Length of service Increase, Cost of Living, mo. suppl. 200 CID |
| 7/1/17 | 17.33 | Step Increase |
| 7/25/18 | 19.69 | Promotion Investigator to Lieutenant Day shift- will no longer receive on call pay of 200/mo |
| 7/25/19 | 19.90 | PROBATIONARY PERIOD COMPLETE |
| 7/1/20 | 20.11 | Step Increase- Lieutenant |
| 7/1/21 | 20.32 | Step Increase- Lieutenant |
| 7/1/22 | 20.53 | Step Increase- Lieutenant |
| 11/23/22 | 21.42 | Shift- Lieutenant |
| 8/16/23 | 23.05 | Scale Adjustment/Merit |

27. On July 5, 2024, Captain Grooms was called to Chief Beecham's office.

28. Lt. Bradford was told that during the meeting, Chief Beecham admitted to Captain Grooms that he went against policy and practice by placing Lt. Frazier in the Captain position when he knew Officer Bradford was more qualified and was aware she put in for it.

29. Lt. Bradford went to Tina Sowell in HR and Richard McKinley, the City Administrator, to see if they were aware of the appointment between Chief Beecham and Grooms.

30. On July 16, 2024, Lt. Bradford called City Hall to speak with Mr. McKinley and Ms. Sowell.

31. Lt. Bradford was blamed for not talking to Chief Beecham specifically about the

CID position.

32. Lt. Bradford reminded them that she spoke to Chief Beecham prior to sending the email requesting promotion to captain without specifying only one assignment.

33. Mr. McKinley told her he could move the position around for night shift, and Lt. Bradford reminded him she could not work nights due to caring for her mother.

34. He told her the promotion might not be possible for her ever.

35. On July 25, 2024, Lt. Bradford submitted a complaint of discrimination to Ms. Sowell and Mr. McKinley.

36. On August 8, 2024, Lt. Bradford resigned, unwilling to continue to put up with the discrimination, which now affected her pay and the work environment.

37. On October 16, 2024, Lt. Bradford filed an EEOC Charge alleging violations of Title VII of the Civil Rights Act of 1964, namely discrimination on the basis of sex and retaliation for engaging in protected conduct by complaining of sex discrimination.

38. During Lt. Bradford's employment, Defendants subjected her to adverse employment actions, including but not limited to, paying her less than similarly situated male employees, denying her a promotion she was qualified for in favor of a male employee who did not meet the minimum criteria, and ultimately, constructively discharging her.

39. Similarly situated employees outside Plaintiff's protected class were not subjected to the same adverse actions and were treated more favorably under similar circumstances.

40. Defendants' actions were motivated, at least in part, by Plaintiff's membership in a protected class.

41. Defendants' conduct deprived Plaintiff of equal protection of the laws as guaranteed by the Fourteenth Amendment and caused her damage.

7

42. Defendants' actions were taken under color of state law and pursuant to official policy, custom, or practice of the City.

**Monell Liability**

43. Defendant City of Lawrenceburg, through its Chief of Police and other final policymakers, maintained official policies, customs, or practices that were the moving force behind the violation of Plaintiff's constitutional rights.

44. These policies, customs, or practices included, but were not limited to:

- Tolerating, permitting, or encouraging discrimination and disparate treatment of employees based on protected characteristics;
- Failing to adequately train, supervise, and discipline supervisors and officers regarding equal protection obligations;
- Maintaining a pattern or practice of ignoring or inadequately addressing complaints of discrimination and disparate treatment;
- Ratifying or acquiescing in discriminatory employment decisions by failing to investigate or correct known violations.

45. The Chief of Police, as a final policymaker for the Department, either promulgated, ratified, or was deliberately indifferent to these unconstitutional policies, customs, or practices.

46. The Department's failure to address these persistent and widespread practices constituted deliberate indifference to the equal protection rights of its female employees.

47. The unconstitutional conduct of supervisors and officers was a direct and proximate result of the Department's policies, customs, or practices.

**Count I - Sex Discrimination Under the Equal Protection Clause through § 1983**
**(Against City of Lawrenceburg and Chief Beecham)**

48. Plaintiff restates and incorporates herein the above paragraphs in their entirety.

49. A state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV, § 1.

50. Plaintiff is a member of a protected class, female, and she was intentionally and purposefully discriminated against because of her membership in that protected class.

51. Defendant purposefully and intentionally treated Plaintiff disparately as compared to similarly situated individuals.

52. Lawrenceburg Police Department has, and had at all relevant times, final policy-making authority over all decisions affecting personnel, the policies and practices of the workplace, and all decisions to hire, promote, demote, and discipline employees in the department.

53. By the acts and practices described above, Plaintiff was subjected to discrimination because of her sex in violation of the Equal Protection Clause.

54. The sex discrimination was a result of a policy or custom of Lawrenceburg Police Department, who wields final policymaking authority over its employees working in the department.

55. Defendant maintains a policy or practice of treating female police officers less favorably than male police officers in how it handles promotions.

56. Specifically, Lawrenceburg Police Department promoted a male employee, who did not have the necessarily qualifications for the position, and failed to even interview Plaintiff for the position, for which she was qualified and had expressed interest in, pursuant to LPD policy.

57. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional suffering, professional and personal embarrassment,

humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

58. Plaintiff is entitled to reasonable attorneys' fees and costs under 42 U.S.C. § 1983.

## Count II- Violation of THRA - Sex Discrimination
### (Against City of Lawrenceburg)

59. Plaintiff restates and incorporates herein the above paragraphs in their entirety.

60. The plaintiff was subjected to disparate treatment, including denial of promotion, and a reduced rate of pay because of her sex, female.

61. As a result of Defendant's discriminatory policies and practices, and the actions directed toward her, she has been subject to illegal discrimination.

62. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

## Count III Violation of THRA - Retaliation
### (Against City of Lawrenceburg)

63. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

64. It is a policy and state law that employees must be able to exercise their rights under state and federal discrimination law without fear of reprisal or penalty from an employer.

65. Plaintiff objected to discrimination in the workplace including objecting directly to her supervisors and HR. Such actions by Plaintiff are statutorily protected activities under the THRA.

66. Plaintiff's male supervisors retaliated against her because of her protected activity by denial of promotion, retaliatory hostile work environment and constructive discharge even though she is qualified. As a result of Defendant's retaliation, Plaintiff was forced to resign.

67. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered

and continues to suffer emotional pain, suffering, professional and person embarrassment, humiliation, loss of enjoyment of life, inconvenience, and lost earnings and benefits.

## RELIEF REQUESTED

Plaintiff respectfully requests:

1. A jury trial;

2. Back pay and damages for lost benefits, insurance and reimbursement actual costs and bills incurred;

3. Reinstatement and/or front pay;

4. Compensatory damages for embarrassment, humiliation, stress, anxiety, inconvenience, and loss of enjoyment of life;

5. Punitive damages;

6. Attorneys' fees and expenses;

7. Prejudgment interest and, if applicable, post-judgment interest; and

8. Such other and further legal or equitable relief to which she may be entitled under 42 U.S.C. § 1983, 1988, and THRA.

Respectfully submitted,

*/s/ Heather Moore Collins*
Heather Moore Collins BPR # 026099
Ashley Shoemaker Walter BPR# 037651
Lucia Izzolo BPR #042496
HMC Civil Rights Law PLLC
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com
lucia@hmccivilrights.com

*Attorneys for Plaintiff*